UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,  Case No. 11-CR-0050(2) (PJS/FLN)

          Plaintiff,

v.  ORDER

ANTHONY AKITI,

          Defendant.

Defendant Anthony Akiti was convicted of armed credit-union robbery and obstruction of justice. On October 21, 2011, the Court sentenced Akiti to 97 months' imprisonment for the robbery conviction and 20 months' imprisonment for the obstruction-of-justice conviction, with the sentences to be served concurrently. Akiti's appeal of his convictions and sentences are currently pending before the United States Court of Appeals for the Eighth Circuit.

This matter is before the Court on Akiti's pro se petition for a writ of error coram nobis. Akiti seeks an order vacating his convictions because of alleged defects in the superseding indictment. Specifically, Akiti alleges that the superseding indictment was not signed by an attorney for the government, as required by Fed. R. Crim. P. 7(c)(1), and the foreperson of the grand jury, as required by Fed. R. Crim. P. 6(c). Akiti's petition is denied for the following reasons:

*First*, coram-nobis relief is not available to Akiti because he is still in custody. *See United States v. Camacho-Bordes,* 94 F.3d 1168, 1172-73 (8th Cir. 1996) (explaining that "coram nobis relief is available when the defendant is no longer in custody for the applicable conviction"); *see also United States v. Little*, 608 F.2d 296, 299 (8th Cir. 1979). And, in any event, Akiti cannot collaterally attack his convictions while his appeal is still pending. *See*

*Lipscomb v. United States*, 273 F.2d 860, 865 (8th Cir. 1960) ("It is well established that Writ of Error Coram Nobis, or other collateral attacks on the judgment, will not lie where there is another adequate remedy, as by motion for new trial or appeal."); *see also United States v. Jagim*, 978 F.2d 1032, 1042 (8th Cir. 1992) (explaining that defendant's § 2255 motion was premature because his appeal was still pending).

*Second*, Akiti did not object to the superseding indictment before trial. Therefore, he has waived his right to obtain post-conviction relief on this ground. *See United States v. Buchanan*, 574 F.3d 554, 565 (8th Cir. 2009) ("Failure to raise a challenge to an indictment prior to trial generally constitutes a waiver.").

*Third*, the Eighth Circuit has made clear that "[t]he signatures on the indictment . . . are a formality, and even the lack of signatures would not render the indictment invalid." *United States v. Morse*, 613 F.3d 787, 793 (8th Cir. 2010); *see also United States v. Irorere*, 228 F.3d 816, 830-31 (7th Cir. 2000) (noting that the failure of an indictment to contain the required signatures are "technical deficiencies that are not necessarily fatal to the indictment"). The Court does not know if the superseding indictment was signed, but, even if it was not, that alone would not entitle Akiti to post-conviction relief.

ORDER

Based on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT Anthony Akiti's petition for a writ of error coram nobis to vacate his convictions [Docket No. 114] is DENIED.

Dated: March 14, 2012
s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge